**CLEMENT v. PRODUCERS' REFINING CO.**
**(No. 773–4375.)**

(Commission of Appeals of Texas, Section A.
Dec. 2, 1925.)

**1. Contracts ⬥47—Consideration necessary to binding agreement.**

In order to render an agreement binding, there must be a consideration therefor.

**2. Contracts ⬥56—Mutual obligation sufficient consideration.**

Where no other consideration is shown, a mutual obligation between parties to an agreement will furnish a sufficient consideration to constitute a binding contract.

**3. Contracts ⬥10(2)—Agent's agreement to sell and pay expenses furnished consideration for principal's obligation to provide goods.**

Where contract of agency for oil company provided that plaintiff was to sell oil company's products and goods and was to bear all expenses incident to the operation of an oil station, which requirement was met by plaintiff at considerable expense, such service required to be performed by plaintiff, together with the expense to which he was put, furnished ample consideration to make binding obligation on part of defendant company to furnish goods and products to plaintiff.

**4. Contracts ⬥10(2)—Obligation of oil company to furnish plaintiff with goods and products necessarily implied from plaintiff's obligation to sell and bear expense of operation of station.**

In contract between plaintiff and defendant oil company, whereby plaintiff was obligated to sell oil company's goods and products and bear expense of operation of station, there was necessarily implied obligation on part of oil company to furnish plaintiff with goods and products to be sold, though not expressly provided in contract; there being no express provisions to the contrary.

Error to Court of Civil Appeals of Third Supreme Judicial District. ·

Action by W. J. Clement against the Producers' Refining Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (270 S. W. 206), and plaintiff, deeming relief insufficient, brings error. Affirmed in part, and reversed in part, and remanded.

Stuart, Bell & Moore, of Gainesville, for plaintiff in error.

Phillips, Trammell & Chizum, of Fort Worth, and H. O. Caster, of Bartlesville, Okl., for defendant in error.

BISHOP, J. W. J. Clement, plaintiff in error; and the Home Petroleum Company entered into the following written contract:

"Home Petroleum Company.

"Fort Worth, Texas, January 13, 1916.

"W. J. Clement, Gainesville, Texas—Dear Sir: You are hereby appointed agent for the Home Petroleum Company at Gainesville, effective December 1, 1915. Your duties will be to sell and distribute there, and in the territory hereafter designated by us in writing as tributary thereto, the goods and products which you may be supplied by the company, to collect accounts due or which may become due the company in that locality, to look after and properly care for all property of the company which may be placed in your charge, to make reports and perform other duties as may be required by the company from time to time, and to faithfully and accurately account for all funds, goods, products, and property of every kind belonging to the company coming into your possession or under your control, and all indebtedness from you to the company shall be payable at home office.

"Prices: You are to be governed strictly in making sales by the prices fixed by our general manager in writing, and, whenever your commission is divided with the buyer, this appointment is revocable.

"Remittances: It will be your duty to remit daily, unless otherwise instructed, the proceeds of all collections.

"Bonds: You will be required to give bond in an approved surety company for $500, to be paid for by the company.

"Compensation: In full payment for all your services and for the further consideration of your bearing all expenses incident to the operation of Gainesville station, except freight, license, and taxes, you will receive the following commissions: Home gasoline, .015; Homelite kerosene, .0200; Home auto oil, 15 per cent.; Rex auto oil, 15 per cent. An additional commission of one-half cent per gallon Homelite kerosene and one-fourth of one cent on Home gasoline will be allowed on deliveries made to the country towns outside of Gainesville. This agreement is to remain in effect for twenty-four months from date, with the privilege of renewal for twenty-four months. That are authorized to be sold by you through Gainesville Agency. It is further understood that your commission is based on less than carload sales only, and that no commission is to be paid on carload sales, unless agreed to in writing by the employee and general manager, prior to the date such sale is made. The commission herein agreed upon is for compensation for all other services rendered by said employee for Home Petroleum Company.

"Transfers: Commission of one-half cent per gallon on gasoline, naphtha, and kerosene, one cent per gallon on lubricating oils, and five cents per case on case goods is allowed.

"This cancels all agreements, verbal or written, as to remuneration or employment, heretofore existing.

"Kindly sign the acceptance clause below, and return one of the duplicate parts of this letter. It will then operate as our contract.

"Not subject to cancellation.

"Home Petroleum Company,
"By Hugo H. Hoevel, Sec'y and Mgr.

"I accept the appointment and agree to all the terms and conditions in the foregoing.
"W. J. Clement, Agent."

Thereafter the Home Petroleum Company was dissolved, and defendant in error, Pro-

ducers' Refining Company, took over its business, including this contract. There is evidence showing that under the terms of the contract Clement, at considerable expense, furnished equipment, barrels, horses, wagons, and trucks, which he used in the conduct of the business, and that under his management the business increased until the commissions to which he was entitled amounted to several hundred dollars per month. On about the 29th of September, 1917, he was discharged by the Producers' Refining Company.

He sought in this suit to recover commissions on sales of goods and products which he had made, and also for damages for wrongful discharge. The trial court directed a verdict in his favor for the amount due him as commissions on the sales made by him, but withdrew from the jury the issues tendered on his plea for damages for breach of contract. Judgment was rendered on the verdict in his favor for the commissions due him at the time he was discharged, and against him, refusing recovery for damages for breach of the contract of employment.

The Court of Civil Appeals affirmed this judgment, holding that plaintiff in error could not recover on his plea for damages because, under the terms of the contract, the company was not bound to furnish goods and products for sale by Clement. This holding is based on the proposition that a contract to be enforceable must be mutual and binding upon both parties.

[1, 2] In order to render an agreement binding, there must be a consideration therefor. Where no other consideration is shown, mutual obligations by the parties to the agreement will furnish a sufficient consideration to constitute a binding contract. 6 R. C. L. pp. 686, 687.

[3] The purpose of this agreement was the sale of goods and products named in the instrument. By its terms the company employed the plaintiff in error to sell them, agreeing to pay him a stipulated commission for his services, and requiring him to bear "all expenses incident to the operation of Gainesville station, except freight, license, and taxes." The evidence shows that this requirement was met by him, and that at considerable expense he had built up a profitable business. Before the expiration of the term for which he was employed, he was discharged. We think the services required to be rendered, together with the contemplated expenses to which he was put, furnished ample consideration to make binding the obligation on the part of the defendant in error to furnish goods and products, which it was contemplated should be sold under the terms of the instrument. It seems that this was the intention of the parties to the agreement, for the instrument expressly recites that these expenditures are part of the consideration for the contract, and that the con-

tract is not subject to cancellation. Johnson v. Breckenridge-Stephens Title Co. (Tex. Com. App.) 257 S. W. 223.

[4] There is no express provision that the company should not be required to furnish goods and products which were to be sold, and the statement that it should be Clement's duty to sell and distribute "the goods and products which you may be supplied by the company" should not be construed to mean that the company was not by their contract bound to furnish goods and products necessary to the conduct of the business in which it was engaged. Such construction would be antagonistic to the nature of the contract and the purpose for which it was made. It is clear that the purpose intended was to conduct the business for the mutual benefit of Clement and the company. It was contemplated that during the term provided in the contract the business should be conducted by Clement as agent for the company. Unless the company furnished the goods and products, they, of course, could not be sold. The duty to furnish was necessary to the conduct and success of the business. Certainly, so long as the goods and products could be furnished and sold by Clement at a price beneficial to the company, it was the intention of the parties to the contract that this should be done. Considering the nature and purpose of this contract, we are of opinion that, as there is no language used which would clearly indicate that the company was not obligated to furnish goods and products, the courts are not warranted in holding that no such obligation was imposed upon defendant in error by its terms. We think this contract required the defendant in error, Producers' Refining Company, to furnish goods and products to be sold by plaintiff in error during the term provided in the contract. The evidence presented an issue of fact as to whether Clement was wrongfully discharged, and the trial court erred in withdrawing from the jury this issue.

The rule applicable to the construction to be given this contract is stated in R. C. L. vol. 6, p. 689, as follows:

"Even though the promise of one of the parties to a bilateral contract is not stated expressly therein, such promise is sometimes implied from the nature or terms of the contract. Frequently it happens that contracts on their face and by their express terms appear to be obligatory on one party only; but in such cases, if it be manifest that it was the intention of the parties, and the consideration upon which one party assumed an express obligation, that there should be a corresponding and correlative obligation on the other party, such corresponding and correlative obligation will be implied. As, if the act to be done by the party binding himself can be done only upon a corresponding act being done or allowed by the other party, an obligation by the latter to do or allow to be done the act or things necessary for the

completion of the contract will necessarily be implied."

This is not a contract depending solely upon mutual reciprocal obligations for its consideration. It is a contract of employment in which the consideration is expressed. Hence its validity as a contract does not depend upon whether mutual obligations are expressed by its terms. It is a valid binding contract, which requires the performance of every obligation, either expressed, or necessarily implied from its terms. As the purpose to be effected was the sale of its goods and products through its agent at Gainesville for the period of time specified, it must necessarily be implied that it was obligated to furnish such goods and products.

We recommend that the judgments of the Court of Civil Appeals and district court, denying recovery for damages for breach of the contract, be reversed, and the cause remanded to the district court for trial of this issue, but that said judgments in all other respects be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed in part and affirmed in part, as recommended by the Commission of Appeals.