**STERLING COMPUTER SYSTEMS OF TEXAS, INC., Appellant,**

v.

**TEXAS PIPE BENDING COMPANY, Appellee.**

**No. 965.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 20, 1974.

Rehearing Denied April 10, 1974.

Alvin L. Zimmerman, Houston, for appellant.

Robert H. Singleton, Percy D. Williams, Houston, for appellee.

TUNKS, Chief Justice.

The issue in this case is the propriety of a summary judgment for the defendant in a breach of contract suit, which was granted on the theory that the contract lacked mutuality.

The appellant, Sterling Computer Systems of Texas, Inc., brought suit for breach of contract against the appellee, Texas Pipe Bending Company. In essence, the contract in question provided that Texas Pipe Bending was to provide Sterling with digitized cards and computer programs each month, with which Sterling was to perform data processing services for Texas Pipe Bending. Certain prices were quoted in the agreement, which were "based on a minimum of 20,000 digitized cards per month." The term of the agreement was to have been for one year, but after providing cards and paying in full for eight months, Texas Pipe Bending refused to further provide Sterling with digitized cards. The trial court granted Texas Pipe Bending's motion for summary judgment. Although the judgment does not so recite, it was apparently based on the argument proposed by Texas Pipe Bending that the contract was unenforcible because of the lack of mutuality. Sterling has appealed.

The relevant portion of the contract is found in a clause denominated as "LIMITATION OF LIABILITY." This clause provides in part as follows:

SCS [Sterling] shall not be liable for its failure to profide [sic] the services herein and shall not be liable for any losses resulting to the client [Texas Pipe Bending] or anyone else by reason of such failure.

The general rule as stated in Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex. 273, 253 S.W. 1101, 1105 (1923), is:

[A] contract must be based upon a valid consideration, and . . . a contract in which there is no consideration moving from one party, or no obligation upon him, lacks mutuality, is unilateral, and unenforcible.

Under the express terms of the contract in question Sterling would not be liable for

an outright refusal to perform the data processing services. This fact renders its obligation a nullity.

Sterling cites various cases which purportedly support its position that the trial court erred in granting summary judgment for Texas Pipe Bending. The gist of these cases is that although a contract may not expressly obligate a party to perform, such an obligation may be implied by its terms. In Texas Gas Utilities Company v. Barrett, 460 S.W.2d 409 (Tex.Sup.1970), the Texas Supreme Court held, under a similar contention, that there was a mutuality of obligation. In that case the contract provided that the Gas Company would not be liable for failure to deliver when such failure was "caused by conditions beyond its reasonable control," and then enumerated certain situations which exemplified the above phrase (over none of which would the Gas Company have control). The Court noted, "It [Gas Company] was bound, however, to supply *available* natural gas to respondents. . . ." Texas Gas Utilities Company v. Barrett, *supra* 460 S.W.2d at 413. In the present case there existed no requirement that Sterling make a reasonable effort to perform. The exculpatory clause allowed Sterling to refuse to perform with impunity.

Clement v. Producers' Refining Co., 277 S.W. 634 (Tex.Comm'n App. 1925, jdgmt adopted), was another case in which mutuality was found. That case involved a contract for an agent's commission. By the terms of the agreement the principal was to pay the agent a commission on goods which "may be supplied" by the principal. Notwithstanding this provision the Commission of Appeals held that the contract impliedly obligated the principal to supply goods to the agent. However, the Court stated:

> [A]s there is no language used which would clearly indicate that the company was not obligated to furnish goods and products, the courts are not warranted in holding that no such obligation was imposed . . . by its terms. Clement v. Producers' Refining Co., *supra* at 635.

The case at bar is distinguishable because the contract contained an express provision that Sterling would not be liable if it did not perform. Various other cases cited by appellant are similarly distinguishable because in those cases contracts were involved which did not expressly provide that one of the contracting parties could fail to perform without incurring liability.

As a matter of law the contract in question fails for want of mutuality. The trial court correctly granted summary judgment for the defendant, Texas Pipe Bending Company.

Affirmed.