**J. P. FUQUA, Appellant,**

v.

**P. V. FUQUA, Jr., et al., Appellees.**

**No. 1226.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1975.

Rehearing Denied Nov. 5, 1975.

 

Billy M. Payne, Lawrence, Thornton, Payne & Watson, Bryan, for appellant.

W. T. Bennett, Kenneth H. Keeling, Bennett, Keeling & Haggard, Huntsville, Robert D. Brewton, Navasota, Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

COULSON, Justice.

This is a suit for a declaratory judgment. The issue is whether a deed executed and placed in escrow by a grantor may be delivered to the grantee upon grantee's compliance with the terms of the escrow after grantor's death where the earnest money contract provides that the form and content of the instruments must be approved by the grantee's attorney.

J. P. Fuqua sued his brothers, P. V. Fuqua, Jr., and Floyd Fuqua, and Selected Lands Corporation (SLC) seeking a judgment declaring invalid a deed to 50 acres from Birdie H. Fuqua, a widow, the mother of the Fuqua brothers, to SLC and declaring that J. P. Fuqua was the sole owner of the land or, in the alternative, declaring that J. P. Fuqua was the sole owner of the proceeds from the sale of the land. The trial court refused to set aside the deed and held that SLC was the owner of the land. We affirm. The suit for the proceeds of the sale was severed and is not before this court.

P. V. Fuqua, Sr., and wife, Birdie H. Fuqua, executed a joint and mutual will dated September 26, 1962. The will devised, among other things, a 200 acre tract as a life estate to the survivor with the remainder in fee to J. P. Fuqua. P. V. Fuqua, Sr. died August 6, 1966. The will was not, then, offered for probate as the will of P. V. Fuqua, Sr. nor was its terms followed by his heirs at law. Rather, on August 16, 1966, Birdie H. Fuqua, P. V. Fuqua, Jr., Floyd Fuqua and their wives, conveyed in fee to J. P. Fuqua, a specific 150 acres out of the 200 acre tract. On the same day, the remaining 50 acres was con-

veyed in fee to Birdie H. Fuqua by the three brothers and their wives. At the same time, P. V. Fuqua, Jr., Floyd Fuqua and their wives executed a quitclaim deed to J. P. Fuqua of all their future interests in the 50 acre tract.

On October 10, 1972, Birdie H. Fuqua executed a contract of sale to SLC of the 50 acre tract. On November 14, 1972, Mrs. Fuqua executed a deed conveying the 50 acres to SLC and deposited it in escrow. Six days later Mrs. Fuqua died. On December 1, 1972, SLC complied with the contract of sale and the terms of the escrow and obtained delivery of the deed from escrow.

 The trial court correctly decreed that SLC is the owner of the 50 acres and that the deed from Birdie H. Fuqua to SLC should not be set aside. In Texas, upon performance of the conditions upon which a deed has been placed in escrow and the delivery of the deed, the title acquired relates back to the date when the deed was placed in the escrow. *Cowden v. Broderick & Calvert*, 131 Tex. 434, 114 S.W.2d 1166 (1938). Mrs. Fuqua's death occurred after she delivered the deed into escrow. Her death did not divest SLC of title to the land once SLC complied with conditions of the escrow and the deed was delivered to SLC. The rule is that the death of the grantor while grantor's deed is held in escrow does not invalidate the instrument upon its subsequent delivery. Where, after the death of the grantor, the grantee performs the conditions of the escrow agreement, grantee is entitled to delivery of the deed, and grantee's title relates back to the date of the original deposit of the instrument in escrow. Annot., 117 A.L.R. 69, 74 (1938).

 J. P. Fuqua claims that the contract of sale is illusory because it called for SLC's attorney to approve the closing papers and if he did not then the contract was to be considered void. It is apparent from the contract that approval or disapproval of the closing papers by SLC's attorney was to be exercised in good faith. The contract of sale was valid and specifically enforceable.

We find the judgment correct on the foregoing basis and need not consider the court's conclusions of law. Therefore, J. P. Fuqua's complaints concerning the court's conclusions of law are overruled.

Affirmed.