Betty Joyce **SAUNDERS,** Appellant,

v.

**COMMERCIAL INDUSTRIES SERVICE COMPANY, INC. and the Jim Tucker Co.,** Appellees.

No. 4898.

Court of Civil Appeals of Texas, Eastland.

Sept. 16, 1976.

Rehearing Denied Oct. 14, 1976.

W. G. Smith, Houston, for appellant.

S. Mitchell Glassman, Glassman, Hittner & Cezeaux, William E. Satterwhite, Jr., Houston, for appellee.

WALTER, Justice.

Commercial Industries Service Company, Inc. recovered a judgment for specific performance of a contract for the sale of real estate in a nonjury trial against Betty Joyce Saunders. Saunders has appealed.

Appellant's first point is rather general and reads as follows:

"The trial court erred in failing to sustain defendant's motion for judgment at the conclusion of plaintiff's case."

Saunders contends the contract requires Commercial to approve and accept the premises within twenty days after the execution of the contract and deliver to her a written notice of its approval. She contends this is an option contract and it is not supported by a consideration. She also contends the written notice of acceptance delivered to her "duly authorized agent" is not a compliance with the contract which required the acceptance to be delivered to her.

The contract provided:

"*SPECIAL CONDITIONS.* At any time prior to the closing date (as defined in

this agreement), if this Agreement shall not have first been terminated, Purchaser, its agents, employees, contractors, accountants and engineers shall have the right to enter the Property for the purpose of inspecting each and/or any of the improvements and for other preliminary work . . .

.    .    .    .    .

Within twenty (20) working days after Seller's execution of this Agreement, Purchaser shall, by written notice to Seller, approve and accept the inspection and examination reports, or this Agreement shall be automatically terminated and deemed null and void and Escrow Agent shall forthwith deliver to Purchaser the Earnest Money."

In *Texas Gas Utilities Company v. Barrett*, 460 S.W.2d 409 (Tex.1970), the court said:

"Be all of this as it may, this Court in *Texas Farm Bureau Cotton Ass'n v. Stoval*, 113 Tex. 273, 253 S.W. 1101 (1923) spoke quite succinctly of the rule of mutuality of obligation when it said:

'Reduced to its last analysis, the rule is simply that a contract must be based upon a valid consideration, and that a contract in which there is no consideration moving from one party, or no obligation upon him, lacks mutuality, is unilateral, and unenforceable. * * * It is quite elementary that the promise of one party is a valid consideration for the promise of the other party.'

In speaking of mutual reciprocal obligations as consideration, the rule was stated in *Clement v. Producers' Refining Co.*, 277 S.W. 634 (Tex.Com.App.1925) that 'where no other consideration is shown, mutual obligations by the parties to the agreement will furnish a sufficient consideration to constitute a binding contract . . .' "

■ This bilateral contract contains mutual promises of the appellant to sell and appellee to purchase real estate in Harris County. We hold the contract was supported by a valuable consideration.

Saunders, her agent Jim Tucker Company, and Commercial signed the contract which obligated Saunders to sell a lot to Commercial and obligated Commercial to pay $27,000 for the property.

■ Appellant's point of error No. Two is as follows:

*Point of Error No. Two*

The trial court erred in its findings of fact and conclusions of law that:

A. The Jim Tucker Company and its employee, Burton H. Kahn, were the agents of Betty Joyce Saunders for all matters in connection with the hereinafter mentioned contract of sale between Betty Joyce Saunders and Commercial Industries Service Company, Inc.

B. Burton H. Kahn was authorized as the agent of Betty Joyce Saunders to receive such written notice regarding the inspection of the premises and the acceptance of the property for purchase by Commercial Industries Service Company, Inc.

C. The letter notice, dated April 12, 1973, from Commercial Industries Service Company, Inc., addressed to Burton H. Kahn, complied with the requirement of notice that Commercial Industries Service Company, Inc. had accepted the inspection reports and had agreed to consummate the purchase of the property from Betty Joyce Saunders.

D. The letter notice, dated April 12, 1973, from Commercial Industries Service Company, Inc., addressed to and delivered by Burton H. Kahn constituted notice to Betty Joyce Saunders in compliance with the contract of sale existing between Betty Joyce Saunders, as seller, and Commercial Industries Service Company, Inc., as purchaser."

Saunders contends the written acceptance delivered to her agent, in the absence of special contractual arrangements, does not bind her.

The first paragraph in the contract is as follows:

"*PARTIES.* Betty Joyce Saunders hereinafter called the Seller, *acting through the undersigned and duly authorized Agent,* hereby sells and agrees to convey by General Warranty Deed unto Commercial Industries Service Company, Inc. hereinafter called the Purchaser, and purchaser agrees to buy upon the terms and conditions herein contained, the following described property with all improvements thereon situated in Harris County, Texas, to wit:

Lot 20 Block B. Kingston Oaks (unrecorded) and commonly known as 10141 Long Point Road." (Emphasis added)

The proper notice was timely delivered to Saunders' agent but such notice was not delivered to Saunders.

Authority of an agent is either express, implied or apparent. In 2 Tex.Jur.2d, Agency, § 36 (1959), it is said:

". . . More explicitly, actual authority may be delegated to an agent either by words that expressly and directly authorize him to do a delegable act, or, again, such authority may be implied from the facts and circumstances attending the transaction in question. 'Implied authority,'.in turn, may arise either independently of any express grant of authority, as from some manifestation by the principal that the particular authority in question shall exist in the agent, or it may arise as a necessary or reasonable implication requisite to effectuate some other authority expressly conferred by the principal."

In *Rognrud v. Zubert,* 282 Minn. 430, 165 N.W.2d 244 (1969), the court said:

"The fact that performance by one party is conditional on the occurrence of certain events does not necessarily mean that the agreement is an option and not a contract. However, whether this agreement was a binding contract on June 30, 1964, with performance subject to conditions precedent, or whether it was then an option, the testimony clearly shows that all of the contingencies were satisfied within the specified period as enlarged by the extension executed by Mrs. Zubert on July 29.

.    .    .    .    .

Whether the contingencies were conditions precedent to performance or conditions to be satisfied so that Ogdahl could exercise an option, they were in fact satisfied and a binding contract resulted which obligated defendant to convey title to the property.

Defendants, however, argue that mere performance of the conditions was not enough to create a binding contract, since Ogdahl never personally told Mrs. Zubert that they had been satisfied. While there is some authority for the proposition that a party who contracts to do an act upon the occurrence of some event is not entitled to notice of the occurrence of the event as a condition precedent to his liability unless he has expressly stipulated for it, the evidence is conclusive that Ogdahl did notify Rognrud, who was exclusively defendants' agent, of the satisfaction of these conditions and of his desire to close. It is the general rule that notice given to an agent is notice to the principal. See, *Distillers Distributing Co. v. Young,* 261 Minn. 549, 113 N.W.2d 175; *Jackson v. Mutual Benefit Life Ins. Co.,* 79 Minn. 43, 81 N.W. 545, 82 N.W. 366.

Restatement, Agency (2d) § 268 provides in part:

'(1) Unless the notifier has notice that the agent has an interest adverse to the principal, a notification given to an agent is notice to the principal if it is given:

'(a) to an agent authorized to receive it;

'(b) to an agent apparently authorized to receive it;

'(c) to an agent authorized to conduct a transaction, with respect to matters connected with it as to which notice is usually given to such an agent, unless the one giving the notification has notice that the agent is not authorized to receive it.'

This case clearly fits within § 268(1). Defendants had let Rognrud handle all of

the negotiations for this transaction. Ogdahl had never met Mrs. Zubert. Rognrud was authorized by the agreement to satisfy all of the conditions himself and did actually obtain the special use and building permits.

Therefore, when all the conditions had been fulfilled and Ogdahl was ready to close the transaction, it was not unreasonable for him to communicate with Rognrud, who was undisputedly defendants' agent, rather than with Mrs. Zubert.

> . . . . .

Accordingly, we hold that it makes no difference whether the agreement in question was an option or a contract with performance subject to conditions precedent when it was entered. Since the conditions were performed, it thereby unquestionably became a binding contract."

We hold Saunders' agent had express and implied authority to accept such notice and the findings of fact and conclusions of law are correct.

We have considered all of appellant's points and find no merit in them. The judgment is affirmed.