Francis J. SPELLMAN, Appellant,

v.

LYONS PETROLEUM, INC., Appellee.

No. B14–85–824–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Rehearing Denied May 1, 1986.

W. Stephen Rodgers, Bryan, Robert C. Patterson, Marshall A. Fein, San Antonio, for appellant.

Tom W. Reavley, Austin, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This summary judgment appeal involves a dispute between appellant and appellee as lessees over which of two different oil and gas leases executed by lessors Joe A. and Virginia L. Folsom is valid, and whether appellee tortiously interfered with appellant's lease. The trial court granted appellee's Motion for Summary Judgment, denied appellant's Motion for Partial Summary Judgment, and ordered that appellant take nothing against appellee. Appellant contends in eight points of error that the trial court erred in granting summary judgment for appellee because appellant's lease with the Folsoms was a binding contract, because the defense of unenforceability of appellant's lease with the Folsoms was not available to appellee, and because there existed fact issues concerning revocation, tortious interference and notice by appellee

of the Folsoms' lease with appellant. Appellant further contends that the trial court erred in not granting partial summary judgment in favor of appellant because appellant's lease with the Folsoms was legally binding, appellant's lease was superior to appellee's lease, and appellee's lease is a cloud on appellant's title which should be removed. We find no error and affirm.

On July 2, 1981, the Folsoms as lessors and appellant as lessee executed an oil and gas lease which was accompanied by appellant's draft for $2850.00 as consideration for the lease. The lease and draft were deposited the same day by the Folsoms with their bank in Temple, which then forwarded the lease and draft to appellant's bank in San Antonio.

On July 3, 1981, appellee's agent contacted the Folsoms concerning the execution of a lease for the same property with terms more favorable to the Folsoms than the prior lease with appellant. On July 7, 1981, Joe Folsom called appellant and his bank and informed both that he wished to cancel the lease. The following day appellant's draft was presented to his bank in San Antonio. On July 9, 1981, appellee's agent executed a lease with the Folsoms, accompanied by a draft, and recorded the lease. The following day appellant paid his draft and recorded the lease given to him by his bank upon payment of the draft. Appellant's bank then forwarded a cashier's check to appellee's Temple bank. Appellant brought suit against appellee for possession of the leasehold and sought to have title quieted in appellant, alleging tortious interference by appellee in appellant's lease with the Folsoms. The trial court's ruling on both parties' motions for summary judgment resulted in this appeal.

The dispositive issue in this case involves whether appellant's lease and accompanying draft created an irrevocable and binding agreement between appellant and the Folsoms.

Appellant's draft contains the following language:

On approval of lease or mineral deed described hereon, and on approval of title

to same by drawee not later than 10 days after arrival of this draft at collecting bank

July 2, 1981

PAY TO THE ORDER OF Joe A. Folsom and Virginia L. Folsom Two Thousand Eight Hundred and Fifty and No/100 $2,850.00 DOLLARS.

This draft is drawn to pay for Oil and Gas Lease, Mineral Deed dated July 2nd, 1981 and covering 19. acs, m/1, S.F. Austin Lge., Brazos County, Texas.

The drawer, payee and endorsees hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the time above specified subject alone to acceptance of payment hereof by the drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.

In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

TO    Francis    J.    Spellman    344–7922
   DRAWEE

AT Mercantile Bank, McCullough & 410
   San Antonio, Texas 78284
   Att: Jim Manning
      /s/ Francis J. Spellman
      Drawer
      Francis J. Spellman

It is appellant's basic contention that the trial court erred in granting summary judgment for appellee and in denying partial summary judgment for appellant because appellant's lease and draft constitute a legally binding instrument, while appellee claims the "no liability" language of the draft's final clause causes the contract to fail for want of mutuality. Appellee further claims the agreement instead represents only a written offer to lease which was revoked by appellee prior to appellant's acceptance in the form of paying the draft.

Appellant relies on a series of cases which hold that a legally binding instrument not capable of revocation is created when certain objective conditions are placed upon acceptance of the contract. *See, e.g., Cutbirth v. Snowden,* 252 S.W.2d 477 (Tex.Civ.App.—El Paso 1952, writ ref'd n.r.e.), in which the court held the provisions of an escrow agreement to be binding where the buyer was allowed to avoid liability only if good title to the property was not shown. *See also Fuqua v. Fuqua,* 528 S.W.2d 896 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.), in which this court held a contract of sale to be valid and enforceable even though the earnest money contract provided that the form and content of the documents must be approved by the grantee's attorney where it was apparent from the face of the contract that such approval was to be exercised in good faith. None of the cases cited by appellant, however, hold an escrow agreement to be legally binding when it contains a purely exculpatory clause such as the one contained in the draft prepared by appellant. As such, we find this issue to be controlled by *Sterling Computer Systems of Texas, Inc. v. Texas Pipe Bending Co.,* 507 S.W.2d 282 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd), in which this court held that a contract failed for want of mutuality as a matter of law because it contained a similar express provision that limited the plaintiff's liability for failure to perform certain services for the defendant and further contained no requirement that the plaintiff make a reasonable effort to perform.

We find additional support in concluding that no valid contract existed between the Folsoms and appellant in the fact that appellant was the party who chose to use this form of contract language and most certainly could have used the "no liability" clause to his advantage had he chosen not to enforce the agreement (for example, if a dry hole had been drilled). It is therefore appropriate that the language

be construed against the one who selected its use. We hold that the "no liability" clause causes the contract to fail for want of mutuality.

Appellant further contends that even if the draft had not been paid, appellant would have remained liable on the draft as a note since he was both the drawer and drawee. We find this argument to be without merit since a note must contain an unconditional promise to pay a sum certain. Tex.Bus. & Com.Code Ann. § 3.104 (Tex.UCC) (Vernon 1968). The "no liability" provision prevents the draft from meeting this definition, and thus appellant would not have been liable on the instrument as a note.

Appellant also claims the lease itself contains a recitation of consideration comprised of the payment of $10.00 and the obligation to develop the lease and pay a royalty. Therefore, appellant argues, the lease became binding when the Folsoms executed the lease and deposited the draft with their bank. However, the lease was not tendered until after the Folsoms revoked their offer, thus this argument is likewise without merit.

Appellant claims that even if the "no liability" clause renders the contract a nullity the defense of unenforceability is not available to appellant, and relies on *Clements v. Withers*, 437 S.W.2d 818 (Tex.1969). However, in *Clements* the court held that a non-party could not raise a Statute of Frauds defense to an otherwise binding contract because the defense is personal to the parties. Here appellee is challenging the existence of a valid contract between the Folsoms and appellant and thus is entitled to dispute appellant's title.

Finally, appellant contends there are fact issues concerning tortious interference, revocation and notice of appellant's lease with the Folsoms which preclude the granting of summary judgment in favor of appellee.

Since we have held that no valid contract existed between the Folsoms and appellant, appellant's claim of a fact issue on tortious interference fails, as a valid contract must exist in order to maintain an action for tortious interference. *Armendariz v. Mora*, 553 S.W.2d 400, 404 (Tex. Civ.App.—El Paso 1977, writ ref'd n.r.e.).

Concerning appellant's contention that a fact issue existed on whether the Folsoms revoked their offer to lease to appellant, the record reflects that Joe Folsom called both appellant and his bank before appellant's draft was presented and told them he did not wish to go through with the lease. Appellant admits Folsom contacted him but attempts to distinguish the facts by claiming he told Folsom the revocation was not acceptable to him, and that Folsom's calls amounted to an attempt to request a release from a binding contract rather than a revocation. We find this argument unpersuasive and hold that Folsom's revocation was established as a matter of law. *See Sheehan v. Driskell*, 465 S.W.2d 402 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.). Appellant also argues that this agreement was within the Statute of Frauds and thus could not be orally revoked. We find this argument to be without merit because of our holding that there was no binding contract in existence.

The trial court properly granted appellee's Motion for Summary Judgment. Appellant's first seven points of error are overruled.

In his eighth point of error appellant alleges the trial court erred in not granting his Motion for Partial Summary Judgment because he established as a matter of law that his lease with the Folsoms was legally binding and superior to appellee's lease, despite appellee's earlier recordation, because appellee had notice of appellant's lease with the Folsoms.

Appellant concedes that the dispositive issue in this point of error is whether his lease with the Folsoms was valid. As we have held that it was not, the trial court properly denied appellant's motion. Appellant's eighth point of error is overruled and the trial court's judgment is affirmed.