COLLOTON, Circuit Judge,
concurring in the judgment.
Arrington Oil & Gas, Inc., presents a substantial argument that the decision in Spellman v. Lyons Petroleum, Inc., 709 S.W.2d 295 (Tex.App.1986), supports its position that the “no-liability clause” in the drafts that Arrington delivered to the plaintiffs in these cases caused the putative lease agreements to fail for lack of mutuality. The “dispositive issue” in Spellman was whether a “lease and accompanying draft created an irrevocable and binding agreement” between a lessor and lessee. Id. at 296. The draft in Spellman contained language identical to the drafts in these cases: “In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.” Id. at 297.
The lessee in Spellman argued that the “lease and draft constitute a legally binding instrument,” while his opponent urged that the “no liability” language of the draft “causes the contract to fail for want of mutuality.” Id. The Texas Court of Appeals held that the lease and draft did not constitute a legally binding agreement, because the “no liability” clause in the draft caused “the contract” to fail for lack of mutuality. Id. at 298. The “contract” at issue was an oil and gas lease, not merely a draft. The whole case was about “which of two different oil and gas leases” was valid. Id. at 296. That the court proceeded to reject an alternative argument of the lessee as to why his lease became binding does not vitiate the court’s analysis of the no-liability clause and lack of mutuality in the lease agreement.
If the facts in these cases were identical to those reported in Spellman, then there would be good reason to believe that the Arkansas courts would follow the Texas rule, given the Arkansas law on mutuality, see City of Dardanelle v. City of Russellville, 372 Ark. 486, 277 S.W.3d 562, 566 (2008), and the settled expectations of the industry in a neighboring State. Two factors, however, lead me to conclude that Spellman is distinguishable.
*1219 First, Arrington’s interpretation of the drafts is in tension with certain provisions of the particular leases at issue in these cases, as set forth in Part ILA of the court’s opinion. Ante, at 1213-14. The difficulty in harmonizing the terms of these particular leases with Arrington’s interpretation of the drafts results in ambiguity: The no-liability clause in these cases might apply only to the drafts, not to the leases. Ante, at 1214. Second, the Supreme Court of Arkansas has held that “[a]mbiguities in an oil and gas lease should be construed in favor of the lessor and against the lessee.” Hanna Oil & Gas Co. v. Taylor, 297 Ark. 80, 759 S.W.2d 563, 565 (1988). It is difficult to see why the Arkansas court would apply a different rule to ambiguities in a draft, a payment instrument directly associated with an oil and gas lease. Thus, the combination of ambiguity arising from the terms of these particular documents and the Arkansas rule on construction of ambiguous instruments suggests that the Arkansas courts would adopt the construction most favorable to the lessors.
For these reasons, and substantially for those set forth in Parts II.B and II.C of the opinion of the court, I concur in the judgment.